IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| TIA ADAMS, | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| v. | : |
| | : NO. 4:13-cv-18-HLM-WEJ |
| ENHANCED RECOVERY COMPANY, LLC, a Delaware limited liability company, | : |
| Defendant. | : |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental state law claims under the Georgia Fair Business Practices Act.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff TIA ADAMS is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant ENHANCED RECOVERY COMPANY, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Florida. [Hereinafter, said Defendant is referred to as "ERC"].

6. ERC transacts business in this State.

7. ERC's transactions in this State give rise to the Plaintiff's Cause of Action.

8. ERC is in the business of the collection of debts.

9. In the course of its business, ERC mailed a collection correspondence to Plaintiff in Bartow County, Georgia.

10. ERC is subject to the jurisdiction and venue of this Court.

11. ERC may be served by personal service upon its registered agent in the State of Georgia, to wit: Capitol Corporate Services, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

12. In the alternative, ERC may be served by personal or substitute service in accordance with laws of the States of Georgia, Florida and/or Delaware.

## FACTS COMMON TO ALL CAUSES

13. ERC uses the mails in its business.

14. ERC uses telephone communications in its business.

15. The principle purpose of ERC's business is the collection of debts.

16. ERC regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

17. ERC attempted to collect an alleged obligation of the Plaintiff to pay money to a business not a party to this litigation.

18. The alleged obligation of the Plaintiff arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes.

19. Specifically, ERC attempted to collect an alleged obligation of the Plaintiff to pay money for personal cellular telephone services to AT&T Mobility, LLC.

20. ERC is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

21. On or about July 11, 2012, ERC mailed a collection letter to Plaintiff.

22. In the July 11, 2012 letter, ERC sought to collect an alleged balance due of $1,016.49.

23. The alleged balance due was calculated from an alleged principal balance of $861.43 and an alleged collection fee of $155.06.

24. On July 30, 2012, Plaintiff mailed a letter to ERC disputing the debt in writing.

25. In the July 30, 2012 letter, Plaintiff specifically disputed the alleged collection fee.

26. In the July 30, 2012 letter, Plaintiff stated, "As for the collection fee, I do not believe that fee is permitted under the Customer Agreement or Georgia law."

27. In the July 30, 2012 letter, Plaintiff stated, "Please also provide any documents which support the inclusion of the $155.06 collection fee."

28. ERC never provided any response to Plaintiff's letter disputing the collection fee.

29. Paragraph 1.7 of AT&T Mobility, LLC's Wireless Customer Agreement reads in pertinent part:

> **In the event you fail to pay billed charges when due and it becomes necessary for AT&T to refer your account(s) to a third party for collection, AT&T will charge a collection fee *at the maximum percentage permitted by applicable law*, but not to exceed 18% to cover the internal collection-related costs AT&T has incurred on such account(s) through and including the date on which AT&T refer(s) the account(s) to such third party.**

(**bold emphasis** in original)(*italic emphasis* added).

30. Paragraph 9.3.2 of the AT&T Mobility Wireless Customer Agreement reads:

> The law of the state of your billing address shall govern this Agreement except to the extent that such law is preempted by or inconsistent with applicable federal law. In the event of a dispute between us, the law of the state of your billing address at the time the dispute is commenced, whether in litigation or arbitration, shall govern except to the extent that such law is preempted by or inconsistent with applicable federal law.

31. Plaintiff's AT&T Mobility, LLC billing address and Plaintiff's current address is in Bartow County, Georgia.

32. Georgia law limits the recovery of contractual collection fees upon evidence of indebtedness to the recovery of attorney's fees under O.C.G.A. § 13-1-11. See Long v. Hogan, 656 S.E.2d 868, 289 Ga. App. 347 (2008).

33. No attorney has been involved in the attempts to collect the alleged debt.

34. Neither ERC, AT&T Mobility, LLC, nor any other entity has delivered a notice pursuant to O.C.G.A. § 13-1-11(a)(3).

35. There is no present right under Georgia law or the Customer Agreement for the collection of any collection fee.

36. The collection fee of $155.06 is nominally in excess of 18% of the alleged principal balance.

37. At the time ERC mailed its collection correspondence to Plaintiff, there was no right under Georgia law or the Customer Agreement for the collection of any collection fee.

38. The 18% collection fee is in excess of the limits provided by O.C.G.A. § 13-1-11(a)(1) and (a)(2).

39. ERC's attempts to collect the collection fee amounts to the false representation of the character and the amount of the debt.

40. ERC's attempts to collect the collection fee amounts to the attempt to collect an amount which is not expressly authorized by the agreement creating the debt or permitted by law.

41. ERC regularly attempts to collect illegal collection fees on AT&T Mobility, LLC accounts it attempts to collect from consumers in the State of Georgia.

42. ERC regularly collects illegal collection fees from consumers in the State of Georgia.

43. The July 11, 2012 letter is the only communication from ERC to Plaintiff regarding the alleged debt.

44. In the July 11, 2012 letter, ERC identified the creditor only as AT&T without designating the entity (e.g., AT&T Mobility, LLC; AT&T, Inc., etc.) to which the alleged debt is owed.

45. AT&T is a trade name used by several entities in the AT&T family of companies.

46. The July 11, 2012 letter did not actually identify the creditor to whom the debt is owed.

47. The July 11, 2012 letter falsely states that the alleged debt is owed to AT&T instead of AT&T Mobility, LLC.

48. ERC's conduct violates the Georgia Fair Business Practices Act.

49. ERC's conduct violated the Federal Fair Debt Collection Practices Act.

50. ERC does not maintain a place of business in Georgia.

51. ERC does not keep assets in Georgia.

52. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

53. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

54. Defendant's violations of the FDCPA include, but are not limited to, the following:

55. The attempt to collect an amount which is not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1);

56. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

57. The use of any false representations of deceptive means to attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

58. The false representation of the character or amount of a debt, in violation of 15 U.S.C. § 1692e(2)(A); and

59. The failure to provide a written notice of the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

60. As a result of Defendant's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney fees.

### COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

61. Defendant's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the following provisions: "The

use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."

62. As a result of the Defendant's actions, Plaintiff is entitled to equitable injunctive relief, an award of general, treble and exemplary damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

    a) That Plaintiff be awarded statutory, general, special, treble and exemplary damages;

    b) That Defendant be enjoined from attempting to collect any collection fee;

    c) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

    d) That the Court grant such further and additional relief as is just in the circumstances.

**SKAAR & FEAGLE, LLP**

by:   /s/ Justin T. Holcombe
       Justin T. Holcombe
       Georgia Bar No. 552100
       jholcombe@skaarandfeagle.com
       Kris Skaar
       Georgia Bar No. 649610
       krisskaar@aol.com
       P.O. Box 1478
       331 Washington Ave.
       Marietta, GA 30061-1478
       770 / 427-5600
       404 / 601-1855 fax


       James M. Feagle
       Georgia Bar No. 256916
       jfeagle@skaarandfeagle.com
       108 East Ponce de Leon Avenue
       Suite 204
       Decatur, GA 30030
       404 / 373-1970
       404 / 601-1855 fax